**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 30 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS ISAIAS SUNUM, | No.   16-73785 |
| Petitioner, | Agency No. A205-971-782 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 8, 2018
Pasadena, California

Before:  SCHROEDER and NGUYEN, Circuit Judges, and SIMON,** District
Judge.

Carlos Isaias Sunum, a native and citizen of Guatemala, petitions for review

of the Department of Homeland Security's ("DHS") final administrative removal

order.  We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D).  *See Gomez-Velazco*

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The Honorable Michael H. Simon, United States District Judge for the
District of Oregon, sitting by designation.

*v. Sessions*, 879 F.3d 989, 992 (9th Cir. 2018).  Reviewing de novo, *see Zuniga v. Barr*, 934 F.3d 1083, 1085 (9th Cir. 2019), we deny the petition.

1.  A removal order does not become final until, at the earliest, the time to seek administrative review of the order has passed.  *See Abdisalan v. Holder*, 774 F.3d 517, 523 (9th Cir. 2015) (en banc).  Sunum had "10 calendar days from service of the Notice of Intent . . . to file a response" in which he could, among other things, request withholding of removal thereby triggering further proceedings and opportunities for administrative review.  8 C.F.R. § 238.1(c)(1).  Since Sunum was served with the notice of intent on October 31, 2016, the administrative removal order became final on November 10, 2016.  His petition for review in this court, filed on November 29, 2016, was therefore timely.  *See* 8 U.S.C. § 1252(b)(1).

2.  Sunum need not exhaust his administrative remedies with respect to purely legal questions, which DHS could not have considered in the expedited proceedings at issue here.  *See* 8 C.F.R. § 238.1; *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) ("[T]he principle of exhaustion may exclude certain constitutional challenges that are not within the competence of administrative agencies to decide.").

3.  Sunum's crime of conviction, California Penal Code section 245(a)(4), is categorically a crime of violence.  *See United States v. Grajeda*, 581 F.3d 1186,

2

1192 (9th Cir. 2009) ("If the conviction is based on 'force likely to produce great bodily injury,' such force must necessarily go beyond the 'least touching,' and represents 'actual force' that is violent in nature."); *see also United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1068 (9th Cir. 2018). Therefore, it is an aggravated felony that renders Sunum deportable. *See* 8 U.S.C. § 1227(a)(2)(A)(iii).

4. Even if Sunum suffered a due process violation, he fails to show prejudice—as is required to prevail. *See Gomez-Velazco*, 879 F.3d at 993. Sunum admitted that he has no fear of persecution or torture should he be removed to Guatemala. Consequently, he is ineligible for relief from removal. *See* 8 C.F.R. §§ 208.31(c), 238.1(f)(3).

**PETITION DENIED.**